NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 20, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1760

| | |
|---|---|
| MELVIN E. THOMAS, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:07-CV-00002 |
| H.J. MARBERRY, | |
| *Respondent-Appellee.* | Larry J. McKinney, |
| | *Judge.* |

**O R D E R**

Melvin Thomas, a federal prisoner in Terre-Haute, Indiana, petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, after the United States Parole Commission rejected his application for release. The district court denied the petition and Thomas appeals. We affirm the judgment.[**]

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**]Thomas's motion to file a supplemental appendix is granted. The documents have

(continued...)

Thomas is serving an aggregate sentence of 20 years to life on his convictions in the Superior Court of the District of Columbia for two violent assaults. He first became eligible for parole in 2004, but by then Congress had tasked the United States Parole Commission with the authority to grant or deny parole to former D.C. prisoners, *see* D.C. Code § 24-131, all of whom Congress had transferred to federal custody, *see* D.C. Code § 24-101. The Commission issued parole guidelines applicable to D.C. prisoners whose initial parole hearing occurred on or after August 5, 1998, including Thomas. *See* 28 C.F.R. § 2.80(a).

At Thomas's initial parole hearing, the Parole Commission applied its guidelines and denied parole. Three years later, in August 2006, the Commission again denied parole and scheduled another review for 2009. Thomas then filed his § 2241 petition claiming that the Commission had violated the ex post facto clause by applying its own guidelines, rather than the D.C. guidelines in effect when he was sentenced in 1990. Thomas also claimed that the Commission had violated the due process clause by failing to adhere to the guidelines that it did apply. If not for these alleged errors , Thomas argued, he would now be on parole. He demanded that the Commission be directed to set a parole date.

On appeal Thomas repeats his due process and ex post facto clause arguments, which, as questions of law, we review de novo. *See Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002). His due process argument fails because the District of Columbia's parole statute is discretionary, D.C. Code § 24-404(a) (1987); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996), and does not create a liberty interest in parole, *Thompson v. Veach*, 501 F.3d 832, 836-37 (7th Cir. 2007). With no liberty interest at stake, there can be no due process violation. *Id.* at 837.

Thomas's ex post facto clause argument also falls short. To succeed, Thomas would need to show either that the Parole Commission's guidelines are harsher than the D.C. guidelines they replaced or that application of the Commission's guidelines "created a significant risk of increasing" his punishment. *See Garner v. Jones*, 529 U.S. 244, 255 (2000); *Glascoe v. Bezy*, 421 F.3d 543, 547-48 (7th Cir. 2005). Because each set of guidelines incorporates very similar factors, *see, e.g.,* 28 C.F.R. § 2.80(e)-(g); 28 D.C. Mun. Regs. § 204.18 (1987), the Commission's guidelines are not harsher. *See Glascoe,* 421 F.3d at 547. Moreover, the factors that the Commission weighed in denying parole to Thomas–his minimum sentence, his disciplinary infractions, his history of violence, and his programming achievement–would have been considered under the D.C. guidelines. *See* 28 D.C. Mun. Regs. §§ 204.4, 204.18, 204.22 (1987); D.C. Code § 24-203. Likewise, under either set of

---

**(...continued)
been considered by the court.

guidelines the Commission could have granted or denied parole notwithstanding the guidelines' recommendation.  *See* 28 C.F.R. § 2.80(n); 28 D.C. Mun. Regs. § 204.22.  Given these similarities, Thomas cannot show that the Commission's use of its own guidelines subjected him to a significant risk of increased punishment.  *See Glascoe*, 421 F.3d at 548-49.

We therefore AFFIRM the district court's denial of Thomas's petition for a writ of habeas corpus.